# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ERNESTINE FLORES,**

    **Plaintiff,**

v.                                            No. 98cv0644 LH/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before the Court on Plaintiff's (Flores's) Motion to Reverse and Remand Administrative Decision, filed March 17, 1999. The Commissioner of Social Security issued a final decision denying Flores's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is not well-taken and recommends that it be DENIED.

    Flores, now sixty years old, filed her applications for disability insurance benefits and supplemental security income on July 27, 1995, alleging a disability since January 1, 1995, due to an injury to her left upper extremity and shoulder. She has a high school education and two years of college with past relevant work as a contract technician, project director, and director of a state organization. The Commissioner denied Flores' applications for disability insurance benefits and supplemental security income both initially and on reconsideration.

    After conducting an administrative hearing, the Commissioner's Administrative Law Judge

(ALJ) found Flores had a residual functional capacity to perform work-related activities except for work involving lifting and carrying more than twenty pounds occasionally or more than ten pounds frequently limited by the non-exertional limitations of being unable to do more than occasional overhead reaching with the left arm and shoulder and only occasional repetitive motions with the left hand. Considering the testimony of a vocational expert, the ALJ determined Flores was able to perform her past relevant work as a project director as it is usually performed in the national economy. Thus, the ALJ concluded she was not disabled within the meaning of the Social Security Act. The Appeals Council denied Flores's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Flores seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520

(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse and remand, Flores argues the ALJ erred in not finding her impairments met or equaled the listings, and failed to adequately address her non exertional pain impairment.

In response, the Commissioner argues, *inter alia,* that review of these issues is barred because Flores failed to specifically raise them before the Appeals Council as required by *James v. Chater,* 96 F.3d 1341 (10th Cir. 1996). In *James,* the Tenth Circuit held issues not brought to the attention of the Appeals Council on administrative review may be deemed waived on subsequent judicial review. *James*, 96 F.3d at 1344. *James* applies prospectively from September 19, 1996. *Id.* Flores filed her request for review on November 18, 1996. Flores did not raise any specific points in her generalized, one-sentence request for review which was filed by her attorney. Tr. 8. Flores was represented by counsel during the administrative proceedings. In light of the foregoing considerations, judicial review of the specific issues is barred by *James.*

In any case, the issues raised by Flores herein are without merit. Flores contends her impairments meet or equal Listing 1.02, (active rheumatoid arthritis and other inflammatory arthritis) or Listing 1.13 (soft tissue injuries of an upper or lower extremity). A claimant is presumed disabled under the listings if he meets the criteria for a listed impairment. 20 C.F.R. 404.1520(d). In order to establish his condition meets or equals the listings, a claimant must establish his condition meets all the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Subsection B of Listing 1.02 requires corroboration of diagnosis at some point in time by a positive serologic test for rheumatoid factor, anti-nuclear antibodies, elevated sedimentation rate, or characteristic histologic changes in biopsy of synovial membrane or subcutaneous nodule. 20 C.F.R. Part 404, Subpt. P, App. 1, Listing 1.02. In this case, the record does not establish that Flores' condition satisfied any of these criteria. Thus, her contentions that she met or equaled Listing 1.02 are without merit.

Similarly, Listing 1.13 requires, *inter alia*, a series of staged surgical procedures within 12 months after onset. 20 C.F.R. Part 404, Subpt. P, App 1, Listing 1.13. Flores had only one surgical procedure, not a series of staged surgical procedures. The record does not establish that Flores' condition met or equaled Listing 1.13. Hence, her arguments to the contrary are without merit.

Flores also argues the ALJ failed to adequately address her non exertional pain impairment. In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)(citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)). In this case, the ALJ considered all the *Luna* factors in his analysis. Specifically, the ALJ considered the objective medical evidence

concerning the medical history and treatment with respect to Flores' left shoulder and arm. The ALJ then compared the complaints with the alleged precipitating factors, her daily activities, as well as her admitted abilities. A review of the record and the decision of the ALJ establishes the ALJ properly considered all the evidence regarding Flores's pain complaints and substantial evidence of record supports his findings.

Moreover, the ALJ also found Flores was not wholly credible. Credibility determinations are peculiarly the province of the finder of fact. *Kepler v. Chater*, 68 F.3d 387 (10th Cir. 1995); *Hamilton*, 961 F.2d at 1499-1500. Subjective complaints must be evaluated in light of the claimant's credibility as well as the medical evidence. *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992). The ALJ properly evaluated Flores's credibility and her complaints of disabling pain. Substantial evidence of record supports his credibility finding.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and substantial evidence supports the decision. The motion to reverse or remand administrative agency decision should be denied and this case should be dismissed.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.